IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST CO., N.A., as Trustee on Behalf of CWABS Asset-Backed Certificates Trust 2007-2, <br>     Plaintiff, <br><br> v. <br><br> WAYNE BRAGG & PAMELA BRAGG, <br>     Defendants. | § § § § § § § § § § § | Civil Action No. 3:15-CV-1766-N-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Before the Court is *Plaintiff's Motion to Remand*, Doc. 5. For the reasons that follow, it is recommended that the motion be **GRANTED**.

This is an eviction suit initiated in state court by Plaintiff against Defendants Wayne Bragg, Pamela Bragg, and all other occupants of the real property located at 4401 Genesis Court, Mansfield, Texas 76063. Doc. 1 at 6-9. Plaintiff filed a sworn complaint for forcible detainer against Defendants on August 21, 2014, in the Tarrant County Justice Court.[1] Doc. 1 at 6. That court entered judgment for Plaintiff on September 9, 2014, and Defendants appealed to County Court at Law No. 1 of Tarrant County, Texas, which scheduled a trial *de novo* for November 13, 2014. Doc. 5 at 2.

On the day of trial, however, Defendants removed the cause to this Court, asserting diversity jurisdiction. *Bank of N.Y. Mellon Trust Co. v. Carr*, *et al*. No. 3:14-CV-4020 (N.D.

---

[1] While removal of this case should have been to the Fort Worth Division of this Court, in the interest of judicial economy, the Court declines to transfer the case. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (noting the district court's broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Tex. Nov. 13, 2014) (Boyle, J.), Dkt. 1 at 2-3.  Subsequently, on April 17, 2015, the Court remanded the case.  *Carr*, Dkt. 7 at 3-4.  Following remand, Defendants again removed the case to this Court, on the day before the new trial setting on May 22, 2015 in County Court of Law No. 1 of Tarrant County.  Doc. 5 at 3.  Defendant's June 1, 2015 motion to remand is now before the Court.  Doc. 5.

As District Judge Boyle previously concluded, this Court lacks jurisdiction because the parties in this case are not diverse.  A suit originally filed in state court is removable to federal court on the basis of diversity jurisdiction as long as no defendant is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  This is commonly known as the "forum-defendant" rule.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009).  Here, although Defendants' removal notice does not list their state of citizenship, they concede in their response that they are indeed Texas citizens.  Doc. 6 at 4.  Because Defendants have removed this case to a district court sitting in Texas, removal was improper under section 1441(b). Federal question jurisdiction is also unsupported.  Plaintiff's petition reveals that this is a run-of-the-mill forcible detainer action which makes no reference to any federal cause of action.  Doc. at 1 at 6-9.

Because Defendants unsuccessfully removed this same state case previously, they were well aware that the instant removal was unsupported, and therefore frivolous.  Normally under such circumstances, Plaintiff would be entitled to recover from Defendants just costs and actual expenses, including attorneys' fees, incurred as a result of the removal.  28 U.S.C. § 1447(c); *Tierney v. UNUM Life Ins. Co. of Am.*, No. 3:01-CV-0891, 2001 WL 1172182 at *2 (N.D. Tex. Sept. 28, 2001) (Fish, J.).  Moreover, the Court would be well within its discretion to exclude Defendants' ability to file or remove any future actions to this Court without first obtaining leave

to do so.  However, *pro se* parties should be sanctioned only after "successive attempts to press a wholly frivolous claim." *McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448 (N.D. Tex. 1997) (Kaplan, J.).  Thus, because Defendants are proceeding without the assistance of counsel, they are hereby warned that any further attempt to remove this cause to this Court may result in the imposition of sanctions against them.

Accordingly, it is recommended that *Plaintiff's Motion to Remand*, Doc. 5, be **GRANTED** and this case be **REMANDED** for want of jurisdiction to County Court at Law No. 1 of Tarrant County, Texas for further proceedings.

**SO RECOMMENDED** on July 20, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE